IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK STEVEN PAPE,

                Plaintiff,

v.                                                  ORDER

CAROLYN W. COLVIN,                           13-cv-236-jdp
Acting Commissioner of Social Security,

                Defendant.

---

    Plaintiff Mark Steven Pape brought this case to appeal the Commissioner's decision denying his application for disability benefits. The court reversed the Commissioner's decision and remanded the case for further proceedings. Dkt. 23. The court also awarded fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which required the government to pay $7,821 for attorney fees and $418.93 for costs (for a total of $8,239.93). Dkt. 33.

    On remand, the Commissioner found Pape disabled and awarded substantial past-due benefits. Dkt. 35, at 1. Pursuant to Pape's contingency fee arrangement with his counsel, the Social Security Administration withheld 25 percent of his past-due benefits—$25,006.50—for attorney fees. Dkt. 35, at 3. The administrative law judge approved fees for the attorney who represented Pape in the proceedings before the Social Security Administration, Robert Angermeier, in the amount of $12,500. Dkt. 7, at 193 and Dkt. 35, at 3.

    Pape's attorney in this court, David Traver, now seeks his portion of the contingency fee under 42 U.S.C. § 406(b), which he contends would be $4,685.50. Dkt. 34. The Commissioner indicates that she does not oppose the award. Dkt. 37. The court will grant the motion.

Travers had a written fee agreement with Pape that would pay Travers a contingency fee of 25 percent of Pape's past-due benefits. Dkt. 25-3. Attorney fees in Social Security cases are governed by 42 U.S.C. § 406. Section 406(a) governs fees for work at the administration level; § 406(b) governs work in federal court. Under § 406, "a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). The fees awarded under § 406(a) and § 406(b) together cannot exceed 25 percent of the past due benefits. *Id*. at 795-96. The fee requested by Travers is within this limit.

Traver's fee must not only be within the 25 percent cap, but it must also be reasonable. *Id.* at 807, 809; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness."). When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire*, 873 F.2d at 979, 983).

Here, attorney Traver represents that his team spent 43.3 hours litigating Pape's case before the court. Dkt. 25-2, at 1. The award is equivalent to an attorney compensation rate

of approximately $288.83 per hour (total attorney fees of $12,506.50, which is $7,821 under the EAJA plus $4,685.50 under § 406(b), for 43.3 hours of work). Courts have approved much higher fees, such as $446, $625, $636, and $1500. *Koester*, 482 F. Supp. 2d at 1083 (collecting cases). Traver is an experienced disability rights attorney, and he obtained very favorable results for Pape: the court remanded the case, which ultimately led to the Commissioner's decision that Pape is disabled.

Travers is entitled to 25 percent of Pape's past-due benefits, $25,006.50, less the $12,500 that the ALJ has approved for attorney Angermeier, and less the $7,821 attorney fees already awarded under the EAJA. Dkt. 35, at 3. Thus, Travers is entitled to $4,685.50 from the amount withheld by the agency.

## ORDER

IT IS ORDERED that plaintiff's attorney's unopposed petition for attorney fee pursuant to § 206(b)(1), Dkt. 34, is GRANTED. The court approves the representative fee award of $4,685.50 to Traver. After Traver and Angermeier are paid, the remaining amount should be paid directly to plaintiff.

Entered November 17, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge